UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICIA RASMUSSEN CATALANO         :
 
                Plaintiff,            :              **ANSWER**

               vs.                 :            07 CIV 8093 (GEL)

CLEARSTREAM BANKING, S.A.,     :

                Defendant      :
-------------------------------------------------------x

       Defendant Clearstream Banking S.A. ("Clearstream" or "Defendant") by its attorneys, Weil, Gotshal & Manges, LLP, hereby answers the allegations set forth in Plaintiff Patricia Rasmussen Catalano's complaint and Jury Demand (the "Complaint") as follows:

## NATURE OF THE ACTION

    1.    Denies each and every allegation contained in Paragraph 1 of the Complaint, except that to the extent it asserts that Plaintiff has in fact brought a legal action, no response is required.

    2.    Denies each and every allegation contained in Paragraph 2 of the Complaint, except that to the extent it recites what Plaintiff seeks in this action, no response is required.

## JURISDICTION AND VENUE

    3.    Neither admits nor denies the allegations contained in Paragraph 3 of the Complaint to the extent that those allegations call for legal conclusions, and otherwise denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Neither admits nor denies the allegations contained in Paragraph 4 of the Complaint to the extent that those allegations call for legal conclusions, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint, and, further answering the allegations contained in Paragraph 4 of the Complaint, alleges that Defendant has in its possession a copy of a document purporting to be a Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"), on or about January 4, 2007, and a copy of a purported Notice of Right to Sue dated July 30, 2007, that Plaintiff purportedly received from the EEOC.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 5 of the Complaint.

6. Neither admits nor denies the allegations contained in Paragraph 6 of the complaint to the extent that those allegations call for legal conclusions, and otherwise denies each and every allegation contained in Paragraph 6 of the Complaint, and, further answering the allegations contained in Paragraph 6 of the Complaint, alleges that Defendant maintains an office in the City of New York.

## PARTIES

7. Denies each and every allegation contained in Paragraph 7 of the Complaint, except denies knowledge or information with respect to whether Plaintiff is a citizen of New York and, further answering the allegations contained in Paragraph 7 of the Complaint, alleges that Plaintiff is a woman who worked for Defendant and its predecessor entities from in or about April 1992 through in or about October 2006.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint, and, further answering the allegations contained in Paragraph 8 of the Complaint, alleges that Defendant is in the business of providing, *inter alia*, post-trading services. Neither admits nor denies the allegations that Clearstream is a citizen of Luxembourg and Germany and that Clearstream is an employer within the meaning of Title VII, the Executive Law and the City Law, on the grounds that those allegations call for legal conclusions, except denies that Defendant is an "employer" within the meaning of Title VII.

## FACTS

9. Denies each and every allegation contained in Paragraph 9 of the Complaint, and, further answering the allegations contained in Paragraph 9 of the Complaint, alleges that in or about April 1992, Defendant's predecessor entity, Cedel International ("Cedel"), hired Plaintiff as Manager Regional Business Development Americas in its New York office.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint and, further answering the allegations contained in Paragraph 10 of the Complaint, alleges that in or about January 2000, Cedel merged with Deutsche Borse Clearing and the name was changed to Clearstream International. The full integration of Clearstream was completed in or about July 2002.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint, and, further answering the allegations contained in Paragraph 12 of the Complaint, alleges that by 1997 Plaintiff's job title was Marketing Manager Americas.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, and, further answering the allegations contained in Paragraph 14 of the Complaint, alleges that in late 1995 Clearstream hired Michael Barrett ("Barrett") as "Regional Manager, Americas," and in early 1996 Clearstream hired Anthony Masiello ("Masiello"), as Vice President/Senior Commercial Officer.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint and, further answering the allegations contained in Paragraph 15 of the Complaint, alleges that Barrett remained in Defendant's employ until he voluntarily left for a job at another financial services company in or about May of 2001.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint, and, further answering the allegations contained in Paragraph 19 of the Complaint, alleges that, in or about 2003, in connection with Clearstream's implementing

a new titling system, Plaintiff was given the title of "Expert." Clearstream further alleges that it passed a required 2004 Federal Reserve Bank audit.

20. Denies each and every allegation contained in Paragraph 20 of the Complaint, and further answering the allegations contained in Paragraph 20 of the Complaint, alleges that Plaintiff's bonus for calendar year 2005 was paid to her in or about January 2006, and that that bonus was for a monetary amount that was more than Plaintiff's calendar year bonuses in previous years.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint, and further answering the allegations contained in Paragraph 21 of the Complaint, alleges that in calendar year 2005, Plaintiff informed Masiello that she was pregnant.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint, and further answering the allegations contained in Paragraph 22 of the Complaint, alleges that on or about January 1, 2006, Tom Zeeb ("Zeeb"), was given the title Head of Department – Customer Relations Europe, U.K. and U.S., and that in or about January 2006 Zeeb informed Masiello that Clearstream would be rehiring Barrett.

23. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of Paragraph 23 of the Complaint, and otherwise denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Denies each and every allegation contained in Paragraph 24 of the Complaint and, further answering the allegations contained in Paragraph 24 of the Complaint, alleges that Barrett returned to work at Clearstream on or about March 1,

2006. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 24 of the Complaint.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint and, further answering the allegations contained in Paragraph 26 of the Complaint, alleges that Plaintiff's last day of work in Clearstream's offices before taking leave was on or about March 24, 2006.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that Plaintiff's leave from work ended on or about July 10, 2006.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint and, further answering the allegations contained in Paragraph 29 of the Complaint, alleges that Plaintiff informed Defendant that she began working from home on or about July 11, 2006.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint and, further answering the allegations contained in Paragraph 30 of the Complaint, alleges that on or about September 20, 2006, Barrett informed Plaintiff that her position was being eliminated and that her last day of employment would be September 30, 2006.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint, and further answering the allegations contained in Paragraph 33, alleges that subsequent to Plaintiff's termination of employment, one individual was hired during calendar year 2006 to work in Clearstream's New York office.

### FIRST CAUSE OF ACTION
### (TITLE VII- DISCRIMINATION

34. Denies each and every allegation repeated and realleged in Paragraph 34 of the Complaint, except as otherwise expressly set forth herein.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

### SECOND CAUSE OF ACTION
### (EXECUTIVE LAW- DISCRIMINATION

38. Denies each and every allegation repeated and realleged in Paragraph 38 of the Complaint, except as otherwise expressly set forth herein.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

## THIRD CAUSE OF ACTION
## (CITY LAW DISCRIMINATION)

41. Denies each and every allegation repeated and realleged in Paragraph 41 of the Complaint, except as otherwise expressly set forth herein.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., is barred because Defendant does not qualify as an employer under that statute.

## THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

48. Plaintiffs federal claims are barred to the extent that they allege acts that occurred more than 300 days prior to her filing of a Charge of Discrimination with the EEOC.

**FIFTH AFFIRMATIVE DEFENSE**

49. To the extent Plaintiff unreasonably delayed in filing her charge of discrimination, her claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

51. Plaintiff's claims are barred, in whole or in part, by the exclusivity provision of the New York Workers' Compensation Law.

**EIGHTH AFFIRMATIVE DEFENSE**

52. Plaintiff is not entitled to recover punitive damages or attorneys fees under the New York State Human Rights Law.

**NINTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims for punitive damages under the New York City Human Rights Law is barred because the City of New York is not empowered to create such a private cause of action for punitive damages due to their unavailability under the New York Human Rights Law.

### TENTH AFFIRMATIVE DEFENSE

54.  Plaintiff has failed to allege an adequate basis upon which to seek punitive or compensatory damages.

### ELEVENTH AFFIRMATIVE DEFENSE

55.  Plaintiff's claims are frivolous, unreasonable and groundless and, accordingly, defendants should recover all costs and attorneys' fees incurred herein.

### TWELFTH AFFIRMATIVE DEFENSE

56.  Upon information and belief, Plaintiff has failed to mitigate her alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

57.  At all times during the course of Plaintiff's employment, Defendant maintained effective and well-publicized anti-discrimination policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

58.  Notwithstanding Defendant's effective and well publicized anti-discrimination policies, Plaintiff failed to complain about alleged discrimination, harassment, or retaliation during the course of her employment with Defendant, and, in any event, her failure to do so was, as a matter or law, unreasonable.

### FIFTEENTH AFFIRMATIVE DEFENSE

59.  Even if there had been unlawful discrimination, harassment, or retaliation, and even if there had been an adverse employment action, Defendant would have made the same decision with respect to Plaintiff's employment based on lawful, non-discriminatory factors.

### SIXTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims brought under the New York City Administrative Code are barred based on her failure to comply with the notification requirements of New York City Administrative Code § 8-502(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

61.     To the extent Plaintiff establishes that she was paid at a rate lower than the rate at which Defendant paid wages to male employees for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which were performed under similar working conditions, any such differential was because of "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." *See* 29 U.S.C. § 206(d)(1) and 42 U.S.C. § 2000e-2(h).

### EIGHTEENTH AFFIRMATIVE DEFENSE

62.     All actions taken were for good cause and in good faith and were based on reasonable factors other than gender.

### NINETEENTH AFFIRMATIVE DEFENSE

63.     To the extent that Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under Company policy, Plaintiff's right to recover damages beyond the date of discovery will be cut off.

### TWENTIETH AFFIRMATIVE DEFENSE

64.     Any compensatory or punitive damages are limited to the amounts authorized by 42 U.S.C. §1981(b)(1)

## TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Defendant denies that it acted with malice or reckless indifference to the rights of Plaintiff.

66. **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses upon discovery of further information regarding plaintiff's claims and upon the development of other relevant information.

**WHEREFORE**, Defendant demands judgment as follows:

A. Dismissing the Complaint in its entirety;

B. Granting defendant its costs, disbursements, and attorneys' fees incurred in this action;

C. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 19, 2007

WEIL, GOTSHAL & MANGES LLP

By: _____

Gary D. Friedman

767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant Clearstream Banking S.A.*

NY1:\1525870\05\WPD@05!.DOC\36237.0003

12