UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICIA RASMUSSEN CATALANO    :
                Plaintiff,    :
          vs.    :    07 CIV 8093 (GEL)
                  :
CLEARSTREAM BANKING, S.A.,    :
                Defendant    :
-------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS Plaintiff Patricia Rasmussen Catalano ("Catalano"), and Defendant Clearstream Banking, S.A. ("Clearstream") (hereinafter, collectively, the "Parties" or the "Parties to this Action") have requested the production of documents in connection with this action, including documents that contain confidential and commercially sensitive information; and

WHEREAS the Parties, by their undersigned counsel, have agreed that such information should be kept confidential to the maximum extent possible consistent with the expeditious conduct of discovery and the trial in this case;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties that Confidential Information (as hereinafter defined) should be kept confidential in order to protect the legitimate business interests of the Parties, and that the following provisions shall govern Discovery Material (as hereinafter defined) produced during this litigation.

1. <u>Definitions</u>

For purposes of this Order:

 A. "Document" includes all deposition testimony, interrogatory responses, deposition exhibits and all other written, recorded or graphic matter and/or electronically stored information produced in discovery in connection with this litigation by one party to the other party, or by a non-party pursuant to subpoena, and any copies thereof.

 B. "Discovery Material" shall include material produced by a party to the other party in connection with this litigation, whether or not in response to a formal discovery request or Court order, and shall also include documents or information produced by a non-party pursuant to subpoena in connection with this litigation.

 C. "Confidential Document" means any non-public document produced to another party in connection with this litigation that the Producing Party (as hereinafter defined) believes in good faith contains commercially sensitive or other information properly subject to protection under Fed. R. Civ. P. 26 and that bears a conspicuous legend "Confidential," or a conspicuous legend "Attorneys' Eyes Only."

 D. "Confidential Information" means information contained in Confidential Documents.

 E. "Producing Party" means a party to this agreement or a non-party (or its counsel or other representatives), who produces Discovery Material.

 F. "Receiving Party" means a party to this agreement (or its counsel or other representatives) who receives Discovery Material.

2. Use of Confidential Documents and Information

All persons obtaining access to Confidential Information or Confidential Documents shall use the information or documents only for preparation and trial of this action, including any appeal and retrial, and shall not use such information or documents for any other purpose. Specifically, without limitation, Confidential Information shall not be used for any business purposes, administrative proceedings, other federal or state law enforcement proceeding or judicial proceedings other than this action. A party must comply with the provisions set out in Paragraph 11 upon receipt of a subpoena or other request for production of Confidential Information or Confidential Documents in another proceeding as set forth therein.

3. Permissible Disclosure of Confidential Discovery Material

A. Subject to the provisions of Paragraph C of this Section 3, Confidential Information and Confidential Documents may be disclosed only to the following persons or entities:

(1) Counsel representing the Producing Party, the Receiving Party, or any other Party to this Action, or the insurer of any Party, and, to the extent reasonably necessary to render professional services in connection with this action, such counsel's partners and associates and other employees;

(2) The Court (and any appellate court), including court personnel, jurors and alternate jurors, and court reporters to the extent necessary to allow them to record the court proceedings and depositions in this litigation, subject to Section 9 below.

(3) Experts, advisors or consultants, retained on behalf of the Receiving Party to assist in the preparation of this litigation, but only to the extent

reasonably necessary for the experts, advisors or consultants to provide such assistance; provided that prior to disclosure of any Confidential Information, each such expert, advisor or consultant is given a copy of this Stipulation and Order and advised that he or she is subject to its terms.

(4) Outside providers of document reproduction, imaging and coding services, to the extent reasonably necessary to prepare this litigation.

(5) Witnesses in this action whom counsel to a party in this action have determined in good faith may be called to testify at a deposition or at trial, or may be needed to submit an affidavit, provided that only a party's counsel of record (and no other person or entity) may disclose any Confidential Information or Confidential Documents to any such witness under this subsection, and that prior to any such disclosure of any Confidential Information or Confidential Documents each such witness is given a copy of this Stipulation and Order, and advised that he or she is subject to its terms.

B. Confidential Information and Confidential Documents which bear the legend "Attorneys' Eyes Only" may be disclosed only to the persons identified in Sections 3(A)(1) and 3(A)(2) above.

C. All persons or entities who have received Confidential Information under the terms of this Stipulation and Order shall safeguard such information so as to prevent its disclosure to persons or entities not identified in Section 3 or its use for purposes other than those set forth in Section 2. Before any person mentioned in subparagraphs 3, 4 and 5 of Section 3(A) is given access to Confidential Information or

Confidential Documents, the individual to whom disclosure is to be made shall sign a statement in the form attached to this Stipulation and Order that:

    (1)    the signatory has read and understands this Stipulation and Order;

    (2)    the signatory understands that unauthorized disclosure of Confidential Information or Confidential Documents may be punished as a contempt of Court; and

    (3)    The signatory consents to the exercise of personal jurisdiction by the Court for the purposes of enforcement of this Stipulation and Order; except that in the event a witness in this action refuses, despite the reasonable, good faith efforts of the Receiving Party, to sign the statement attached hereto, the witness may be given access to the Confidential Information or Confidential Documents, provided that he or she is given a copy of this Stipulation and Order and instructed on the record that he or she is subject to its terms.

A copy of each such statement shall be retained by the Receiving Party. The Producing Party may obtain a copy of any such statement upon consent of the Receiving Party or by further order of the Court.

    D. It shall be the responsibility of the Receiving Party to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include

the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

### 4. Unrestricted Information and Documents

The use or disclosure of documents or information produced in discovery is restricted only as and to the extent provided herein. A party that in good faith obtains a document or information independently of discovery in this action may use or disclose such documents or information even though the same have been designated Confidential Information or Confidential Documents in this action. This Stipulation and Order does not restrict a Producing Party from any use or disclosure of documents or information that it produces in discovery in this action.

### 5. Confidential Treatment of Deposition Transcripts

Unless the designation already has been made on the record at a deposition, within 45 days after receiving a deposition transcript, either or both of the Parties or the deponent, may designate specific transcript pages as confidential by written notice to counsel for the Parties and the deponent. Confidential Information within a deposition transcript shall be so designated by conspicuously marking the pages on which such information appears "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." Until the expiration of the 45-day period, the entire deposition transcript shall be treated as Confidential. At the end of the 45-day period, only those pages that have been marked as described above shall be treated as Confidential Information. Either party may also, on the record, designate specific testimony as "CONFIDENTIAL ATTORNEYS' EYES ONLY." Such testimony shall be treated as "Attorneys' Eyes Only," and shall be redacted or separated from the rest of the deposition transcript, except

and only to the extent to which the witness who testified is required to review the testimony to fulfill her obligations under the Federal Rules of Civil Procedure.

6. Supplemental Notice of Confidentiality Designation

Failure to designate Discovery Material as Confidential Information or Confidential Documents at the time of production shall not be deemed a waiver of any claim of confidentiality, and may be corrected by supplemental written notice. It shall not be deemed a violation of this Stipulation and Order for the Receiving Party to have disclosed Discovery Material prior to receiving such a supplemental confidentiality designation. Upon receipt of such a designation, the Receiving Party that disclosed the Discovery Material shall exercise its reasonable efforts to ensure that any Discovery Material subject to such a designation that was disclosed prior to receipt of such a designation, and information derived therefrom, is used only for the purposes, and disclosed further only to the persons, described in Sections 2 and 3 of this Stipulation and Order.

7. Redesignation of Confidential Discovery Material

A Producing Party may at any time, by notice, remove the confidentiality restriction with respect to Discovery Material that it has previously designated as Confidential Information or Confidential Documents. By treating information as Confidential Information under this Stipulation and Order, neither party shall be deemed to have conceded that the information actually qualifies for the protection accorded by this Stipulation and Order, but the Parties shall continue such treatment until the confidentiality designation has been removed by the Producing Party, or by order of the Court, or by operation of this paragraph. At any time during the pendency of this

litigation, a Receiving Party may request in writing (the "Redesignation Request") that the Producing Party permit redesignation of certain such material as non-confidential information, or as subject to other specified confidentiality arrangements (e.g., limiting disclosure to particular identified persons or particular purposes or redacting claimed Confidential Information). After twenty (20) business days have elapsed from receipt of the Redesignation Request, the identified material shall be deemed redesignated as non-confidential information or as subject to the other confidentiality arrangements specified in the Redesignation Request and usable as though it has originally been so designated, unless the Producing Party provides written notice (the "Objection Notice") within those twenty (20) business days that it declines to consent to such redesignation. In the event the Producing Party provides such an Objection Notice, counsel shall confer in good faith to resolve the dispute or agree on conditions for disclosure.

8. <u>Challenges to Designations of Confidentiality and Attorneys' Eyes Only</u>

If an objection to the designation of Confidential (excluding objections to the designation of Attorneys' Eyes Only), cannot be resolved by agreement within ten (10) business days of the date of service of the Objection Notice as set forth in Section 7 above, the Receiving Party shall within the subsequent ten (10) business days make a written request for a pre-motion conference concerning its position that the documents or information designated Confidential are not properly designated as such. The confidential status of the document(s) and information at issue shall be maintained pending the Court's ruling on the application and any appeal. Failure to provide a timely written request for a pre-motion conference shall result in waiver of the objection unless otherwise agreed to in writing by both Parties.

If an objection to the designation of Attorneys' Eyes Only cannot be resolved by agreement within ten (10) business days of the date of service of the Objection Notice as set forth in Section 7 above, the Producing Party shall within the subsequent ten (10) business days make a written request for a pre-motion conference concerning its position that the documents or information designated Attorneys' Eyes Only are properly designated as such. The Attorneys' Eyes Only status of the document(s) and information at issue shall be maintained pending the Court's ruling on the application and any appeal. Failure to provide a timely written request for a pre-motion conference shall result in the re-designation of the objected-to documents and/or information as "Confidential" unless otherwise agreed to in writing by both Parties.

9. Use of Confidential Documents and Information in Court Filings and Proceedings

Subject to the Federal Rules of Evidence, Confidential Information and Confidential Documents may be offered in evidence at trial or any court hearing in open court, provided that the proponent of the evidence gives reasonable advance notice to counsel for the Producing Party. The Producing Party may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Stipulation and Order to have access to it. The Court shall then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection should be afforded to such evidence at the trial or hearing.

10. Filing Under Seal

Confidential Documents shall not be filed with the Clerk except when required in connection with motions or other matters pending before the Court. All information

subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

11. Subpoenas or Requests Seeking Confidential Documents

Nothing in this Stipulation and Order shall prevent any person from producing Confidential Information or Confidential Documents received pursuant to this Stipulation and Order to another person in response to a subpoena or other compulsory process; provided, however, that if such person receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information or Confidential Documents, that person (i) shall give prompt written notice to counsel for the Producing Party, identifying the Confidential Information or Confidential Documents requested and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process; (ii) shall inform the person requesting Confidential Information or Confidential Documents that such information and/or documents were received pursuant to and are protected by this Stipulation and Order; and (iii) shall make reasonable, good faith efforts enlarge the time period before which it must respond to the subpoena so that the Producing Party has a reasonable opportunity to move to quash the subpoena or to take other similar steps. In no event shall production or other disclosure be made absent a subpoena or other compulsory process or the written consent of the Producing Party.

12. Production of Privileged Information

The production of any Discovery Material shall be without prejudice to, and shall not constitute waiver of, any claim that such material is immune from discovery under

the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity from discovery, provided that the Producing Party promptly after discovery of an inadvertent production, advises the other party of any such claim. All produced materials as to which such a claim of immunity from discovery is asserted and any copies thereof shall be returned promptly to the Producing Party. Such return shall not be deemed an admission that the claim is well-founded. The inadvertent production of any such privileged material shall not be deemed to constitute a broader waiver of those privileges.

13. Privilege Log

After the substantial completion of production of all Discovery Material hereunder, the Producing Party and the Receiving Party shall agree on a reasonable schedule for the Producing Party to provide the Receiving party with a privilege log in conformance with Federal Rule of Civil Procedure 26(b)(5), or a representation that no documents were withheld on grounds of privilege. The Producing Party shall retain the right to supplement or revise the information contained in the privilege log.

14. Non-Waiver of Objections to Discovery

Nothing herein shall affect either party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

15. Procedures Upon Termination of this Litigation

A. Within thirty (30) days after the final conclusion of this litigation, including appeals, each Receiving Party shall ensure that all copies of Confidential Documents or Confidential Information (including all documents containing information

derived therefrom, but excluding all copies of documents attached to papers filed in Court under seal) shall have been destroyed by the Receiving Party and by any persons (other than those persons set forth in subparagraphs 3(A)(1) & (2) above) to whom the Receiving Party directly or indirectly provided such Confidential Information, and upon request shall certify to the Producing Party that such Confidential Information has been destroyed; provided, however, that counsel to the Receiving Party may retain copies of briefs, other papers filed with the Court and any appellate court, and/or other attorney work product that contains or constitutes Confidential Information, so long as such briefs and other papers are maintained in accordance with this Stipulation and Order.

    B. After the termination of this litigation, this Stipulation and Order shall continue to be binding upon the Parties and upon all persons to whom Confidential Information has been disclosed.

16. Modification

By mutual agreement confirmed in writing, the Parties hereto may extend any time periods provided herein, provide for disclosure of Confidential Information to additional persons, provide for additional means of designating Confidential Information, and otherwise vary the terms of this Stipulation and Order to make it less or more restrictive.

17. Notices

Any notice required or permitted herein shall be made to counsel of record in this litigation. Notice may be by facsimile, e-mail, hand delivery, or overnight courier.

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

By: _____     Date: 7/30/08
Anne L. Clark (AC 6456)
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7300
*Attorneys for Plaintiff*

WEIL, GOTSHAL & MANGES LLP

By: _____     Date: 8/4/08
Gary D. Friedman (GF-6175)
767 Fifth Avenue
New York, New York 10153
(212) 310-8963
*Attorneys for Defendant*

It is so Ordered.

Date: Aug. 12, 2008
New York, New York

_____
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICIA RASMUSSEN CATALANO    :
                               :
              Plaintiff,       :
                               :
       vs.                     :      07 CIV 8093 (GEL)
                               :
CLEARSTREAM BANKING, S.A.,     :
                               :
              Defendant        :
-------------------------------------------------------x
```

### ACKNOWLEDGMENT OF RECEIPT OF CONFIDENTIAL INFORMATION

I, _____, have read, I understand, and I have retained a copy of the Stipulation and Order annexed hereto. I understand that I may receive Confidential Information and Confidential Documents, as those terms are defined in the Stipulation and Order, in connection with this litigation.

I understand that unauthorized disclosure of Confidential Information or Confidential Documents may be punished as a contempt of Court. I hereby consent to the exercise of personal jurisdiction by the Court for the purposes of enforcement of this Stipulation and Order.

By: _____

Date: _____